**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-30610

LIFEMARK HOSPITALS OF LOUISIANA, INC.,

Plaintiff-Appellant,

VERSUS

LILJEBERG ENTERPRISES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

(97-CV-3312-T)

March 15, 1999

Before WISDOM, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, Lifemark Hospitals of Louisiana, Inc. (Lifemark) appeals the district court's order affirming bankruptcy court orders (1) confirming the plan of reorganization of the defendant-appellee, Liljeberg Enterprises, Inc. (LEI); (2) denying Lifemark's Motion to Dismiss LEI's bankruptcy; (3) granting LEI's Motion to Modify Plan of Reorganization and Have Modifications be Deemed Immaterial; and (4) denying approval of Lifemark's disclosure statement. We affirm.

The instant matter is the most recent chapter in a long history of litigation between Lifemark and LEI. LEI is the operator of a pharmacy in a hospital owned and operated by Lifemark. LEI's operation of the pharmacy is governed by a Clinical Pharmacy Management

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Agreement between Lifemark and LEI. In January 1993, LEI filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of Louisiana. LEI filed its First Plan of Reorganization in June 1993. In October 1993, LEI filed its Second Amended Disclosure Statement and Third Amended Plan of Reorganization. The bankruptcy court approved LEI's Second Amended Disclosure Statement in November 1993.

In September 1996, Lifemark filed a Motion to Dismiss LEI's bankruptcy proceedings. The bankruptcy court denied this motion in March 1997. In the meantime, LEI moved to modify its plan. In May 1997, Lifemark filed a competing plan of reorganization and disclosure statement. The bankruptcy court denied approval of Lifemark's disclosure statement in June 1997. In August 1997, the Bankruptcy Court confirmed LEI's Third Amended Plan of Reorganization, and then confirmed the plan as modified in September 1997.

Lifemark appealed to the United States District Court for the Eastern District of Louisiana. The district court affirmed the bankruptcy court's approval of LEI's plan, holding that the bankruptcy court's findings were not clearly erroneous. The district court also affirmed the bankruptcy court's order denying the motion to dismiss and its order denying approval of Lifemark's disclosure statement and approving LEI's plan modifications. Lifemark now appeals these determinations to this Court. After the parties submitted their briefs, LEI filed a motion to dismiss this appeal on the basis of equitable mootness, which we ordered carried with the case.

Lifemark first contends that LEI did not file and prosecute its bankruptcy proceedings in good faith and did not propose its plan of reorganization in good faith, and that the findings of the bankruptcy court and the district court's review of these findings were clearly erroneous. Lifemark argues that LEI's bankruptcy and plan of reorganization were not in good faith because (1) LEI was in good financial condition, and therefore did not need to reorganize; (2) LEI failed to use its substantial assets to pay its creditors; and (3) LEI's bankruptcy was filed solely as a litigation tactic.

"This Court, acting as a second review court, reviews the bankruptcy court's findings of fact under the clearly erroneous standard, and the bankruptcy court's conclusions of law *de novo*."[2]  A factual finding that a Chapter 11 petition was filed in good faith is reviewed for clear error.[3]  A bankruptcy court's factual finding is clearly erroneous only if the court is "left with the definite and firm conviction that a mistake has been made."[4]

Our review of the record in this case leads us to the inescapable conclusion that the determinations of the bankruptcy court and the district court were not clearly erroneous.  With regard to LEI's filing of the Chapter 11 proceedings, "[t]he good faith determination depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities."[5]  While LEI may arguably have been relatively financially healthy, "the Bankruptcy Code permits [a] firm that has debts to declare bankruptcy even though [it] is not insolvent."[6]  In this case, it cannot be said that there was "no realistic possibility of an effective reorganization" and it is not evident that LEI is seeking "merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights".[7]  Our review of the record does not leave us "with the definite and firm conviction that a mistake has been made."[8]  Thus, with regard to LEI's bankruptcy filing, the bankruptcy court and district court's determinations were not clearly erroneous.

---

[2]     *Matter of T-H New Orleans, Ltd.*, 116 F.3d 790, 796 (5th Cir. 1997).

[3]     *Matter of Elmwood Development Co.*, 964 F.2d 508, 510 (5th Cir. 1992).

[4]     *Matter of Cajun Electric Power Cooperative, Inc.*, 150 F.3d 503, 513 (5th Cir. 1998) (quoting *Chamberlain v. Commissioner*, 66 F.3d 729, 732 (5th Cir. 1995)).

[5]     *Matter of Elmwood*, 964 F.2d at 510.

[6]     *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992).

[7]     *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (7th Cir. 1984).

[8]     *Matter of Cajun Electric Power Cooperative,* 964 F.2d at 510.

With regard to LEI's plan of reorganization, the bankruptcy court and district court could have found that the plan in this case was "proposed with the legitimate and honest purpose to reorganize".[9] In this case, the bankruptcy judge, who was "in the best position to assess the good faith of the proposal," found no problem with LEI's plan of reorganization.[10] Again, we are not firmly convinced that either the bankruptcy court or the district court made a mistake.[11] Accordingly, the bankruptcy court and district court determinations on this matter were not clearly erroneous.

Lifemark also contends that the bankruptcy court erred by denying approval of its disclosure statement. This is so, argues Lifemark, because LEI's disclosure statement does not accurately reflect LEI's financial condition and its ability to handle its debts, and therefore, does not provide the "adequate information" required under 11 U.S.C. § 1125(a).

In reviewing orders regarding disclosure statements, we apply a "clearly erroneous" standard of review to findings of fact, and a *de novo* standard of review to issues of law.[12] When reviewing a bankruptcy court's determination regarding whether "adequate information" is contained in a disclosure statement, we apply an "abuse of discretion" standard of review.[13] Lifemark's assertions that its disclosure statement was better than LEI's disclosure statement simply do not provide sufficient basis to support a finding by this Court that the determinations of the bankruptcy court and the district court on this matter were either clearly erroneous or an abuse of discretion. Accordingly, the bankruptcy court properly denied approval of Lifemark's disclosure statement.

---

[9] *Matter of T-H New Orleans, Ltd.*, 116 F.3d at 802 (internal citation and quotation marks omitted).

[10] *Matter of Texas Extrusion Corp.*, 844 F.2d at 1160.

[11] *See Matter of Cajun Electric Power Cooperative*, 964 F.2d at 510.

[12] *See Matter of Texas Extrusion Corp.,* 844 F.2d at 1156-57.

[13] *See id.* at 1157.

For the foregoing reasons, we affirm the judgment of the district court. Because we reach the merits of this case, we need not consider LEI's Motion to Dismiss on the basis of equitable mootness, and this motion is therefore denied.

AFFIRMED.